UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LINDA PORTER, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:08-cv-01636-JMS-WTL |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
|     *Defendant.* | ) | |

## **ORDER**

Presently before the Court is Plaintiff Ms. Porter's Petition for Attorney Fees Under the Equal Access to Justice Act (the "Fee Petition"). [Dkt. 31.]

The Equal Access to Justice Act permits a litigant who prevails against the United States to recover attorney's fees under circumstances. 28 U.S.C. § 2142(d). But where the government's litigation position and, in administrative review cases like this, the agency's underlying proceedings were "substantially justified," then no fee may be awarded. *Id.* § 2412(d)(1)(A).

As the Seventh Circuit has noted, "[t]he key statutory term, 'substantially justified,' is neither defined nor self-evident." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 2010 U.S. App. LEXIS 3322, *4 (7th Cir. 2010). Nonetheless, courts have interpreted it to require the government's position to have been "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person and hence has a reasonable basis both in law and fact. The case must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." *Id.* at *5 (citations, quotations, and alteration omitted).

Regarding several errors that Ms. Porter alleged in this case, the government's position was not just "substantially" justified, but was indeed fully justified. Accordingly, the Court rejected those alleged errors in Ms. Porter's appeal. [*See* dkt. 29.]

The Court did, however, conclude that the government erred in two respects: when the ALJ failed to confirm that the vocational expert's testimony complied with the Dictionary of Occupational Titles and when the ALJ failed to sufficiently articulate Ms. Porter's residual functioning capacity. The errors were technical in nature. And the Commissioner has identified case law, which Ms. Porter elected not to challenge in a reply brief, that might have led a reasonable person to believe that the errors weren't errors at all. Thus, the Court cannot say that the government's position, either at the administrative level or its decision to defend those proceedings here, was "careless and oppressive," and instead finds it to be justified in substance." *Thouvenot*, 2010 U.S. App. LEXIS 3322, *4.

The Fee Petition is, therefore, **DENIED**.

04/02/2010

                                                Jane Magnus-Stinson
                                                United States Magistrate Judge
                                                Southern District of Indiana

**Distribution via ECF only**:

Thomas E. Kieper
tom.kieper@usdoj.gov

Charles D. Hankey
charleshankey@hankeylawoffice.com